THE FIRST NATIONAL BANK IN ALBUQUERQUE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
First Nat'l Bank v. Commissioner
Docket No. 4878-86.
United States Tax Court
T.C. Memo 1989-264; 1989 Tax Ct. Memo LEXIS 264; 57 T.C.M. (CCH) 571; T.C.M. (RIA) 89264; May 31, 1989. *264 John A.Budagher, for the petitioner. John S. Repsis, for the respondent. NIMS
SUPPLEMENTAL MEMORANDUM OPINION NIMS, Chief Judge: On November 7, l988, we filed our Opinion in The First National Bank in Albuquerque v. Commissioner,T.C. Memo. 1988-516. We withheld entry of our decision pursuant to Rule 155(a), Tax Court Rules of Practice and Procedure, for the purpose of permitting the parties to submit computations showing the correct amount of deficiency. Respondent and petitioner filed their computations on February 13, 1989 and March 6 1989, respectively. At a hearing before the Court on May 17, 1989, the parties appeared and argued their respective positions. Petitioner asserts that under our aforementioned opinion the proper computation should be as follows: Purchase note amount
$ 1,335,000
Bond purchase price
3,600,000
Deferred gain on sale
1,062,000
Multiplier = Purchase note amount / Bond purchase price = ($ 1,335,000) / ($ 3,600,600) X 100 = 37.0833% Taxable gain = (Multiplier) X (Deferred gain on sale) = (37.0833%) X ($ 1,062,000) = $ 393,825 Petitioner presents no authorities in support of *265 its position. Respondent asserts that petitioner's taxable gain is $ 1,062,000. We agree with respondent. As we stated in our opinion, "petitioner used $ 1,335,000 of the bond proceeds to satisfy the purchase note." Thus, since petitioner satisfied the purchase note with cash, its creation of a multiplier to reduce the taxable gain from $ 1,062,000 to $ 393,825 is without foundation. We hold that petitioner's realized and taxable gain is $ 1,062,000. To reflect the foregoing, A decision will be entered in accordance with respondent's computation.